**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4658

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

STAFFORD CALHOUN BERRY,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:07-cr-00353-TLW-1)

Submitted:  January 4, 2013          Decided:  January 11, 2013

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Arthur Bradley Parham,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stafford Calhoun Berry appeals the district court's revocation of his term of supervised release and sentence of six months' imprisonment after he admitted or failed to contest six violations of the terms of his release. On appeal, counsel for Berry filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that the sentence is not plainly unreasonable. Berry has not exercised his right to file a pro se supplemental brief. We affirm.

We will affirm a sentence imposed after revocation of supervised release if it is within the statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first determine "whether the sentence is unreasonable." Id. at 438. A sentence is procedurally reasonable if the district court considered the Guidelines range and the 18 U.S.C. § 3553(a) (2006) factors applicable to supervised release revocation. Id. at 438-40. A sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. at 440. We will "tak[e] a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for . . . sentences [imposed after conviction]." United States v. Moulden, 478 F.3d 652, 656 (4th

2

Cir. 2007) (internal quotation marks omitted).  If the sentence is procedurally or substantively unreasonable, we then decide whether it is plainly unreasonable.  Id. at 657.  A sentence is plainly unreasonable if "it . . . run[s] afoul of clearly settled law."  United States v. Thompson, 595 F.3d 544, 548 (4th Cir. 2010).

We conclude that Berry's revocation sentence is not unreasonable, much less plainly so.  The district court correctly calculated the applicable Guidelines range, considered the applicable standards, explained its reasons for denying Berry's sentencing request, and selected a sentence squarely within the appropriate range.  Moreover, Berry agreed to the selected sentence in exchange for the Government's agreement to not pursue additional violations.  We thus conclude that Berry's sentence is not unreasonable.  We have reviewed the entire record pursuant to our obligation under Anders, and we discern no meritorious issue for appeal.

Accordingly, we affirm the judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED